UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL D. CARVER,

       Petitioner,

v.                                                    Case No. 2:04-cv-257
                                                      HON. RICHARD ALAN ENSLEN

JERI-ANN SHERRY,

       Respondent.

_____/

### REPORT AND RECOMMENDATION

        Petitioner Michael D. Carver filed this petition for writ of habeas corpus challenging the validity of his state court conviction. Petitioner was convicted of aggravated stalking pursuant to a nolo contendere plea and was sentenced as a habitual offender - second on February 7, 2000. (*See* Docket #17, Sentencing Transcript.) Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, which was denied on July 21, 2000. (*See* Docket #18, Michigan Court of Appeals' Order, Case No. 227471.) Petitioner did not file an appeal in the Michigan Supreme Court.

        Petitioner filed a motion for relief from judgment on January 9, 2002. (*See* Docket #14, Ninth Judicial Circuit Court Docket Sheet.) Petitioner's motion for relief from judgment was denied and his appeal to the Michigan Court of Appeals was denied on April 9, 2003 "for lack of merit on the grounds presented." (*See* Docket #22, order denying leave in Michigan Court of Appeals, Case No. 245873.) Petitioner filed leave to appeal in the Michigan Supreme Court, which was denied on October 31, 2003. (*See* Docket #23, order denying leave in Michigan Supreme Court,

Case No. 123966.)  Petitioner then filed his habeas corpus petition in this court, which is dated October 28, 2004.

Petitioner maintains that his conviction was obtained in violation of his federal rights. The instant petition sets forth four claims for relief.  The respondent has filed motion for summary judgment (docket #11), asserting that Petitioner's application for habeas corpus relief is barred by the one-year statute of limitations.  Petitioner has filed a response to the motion (docket #25) and a motion for summary judgment (docket #27).  In addition, Rule 5 materials have been filed and the matter is now ready for decision.  After a review of the record, I am recommending that Respondent's motion for summary judgment be granted and Petitioner's motion for summary judgment be denied.

As noted above, Respondent claims that Petitioner's application is barred by the one-year period of limitation provided in 28 U.S.C. § 2244(d)(1), which was enacted on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act , PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA).  The one-year period of limitation provided in § 2244(d)(1) is new, as there previously was no defined period of limitation for habeas actions.[1]  Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest ofS
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition if it appears that the state has been prejudiced in its ability to respond to the petition by delay in filing unless the petitioner showed that the petition was based on grounds that he could not have known before the circumstances prejudicial to the state occurred.

- 2 -

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the period of limitation is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

In this case, § 2244(d)(1)(A) provides the period of limitation. The other subsections do not apply to the grounds that petitioner has raised. Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

In this case, § 2244(d)(1)(A) provides the period of limitation. The other subsections do not apply to the grounds that Petitioner has raised. Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." According to the record, Petitioner's application for leave to appeal to the Michigan Court of Appeals was denied on July 21, 2000. Petitioner did not file a direct appeal in the Michigan Supreme Court. Therefore, Petitioner's conviction became final on September 15, 2000, 56 days after the Michigan Court of Appeals' denial of leave to appeal. *See* M.C.R. 7.302(C)(2) and (3).

Petitioner had one year from September 15, 2000, to file his habeas application. As noted above, Petitioner took no action with regard to his conviction until he filed his motion for relief from judgment on January 9, 2002, nearly four months after the expiration of the one-year statute of limitations. While 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. Because Petitioner's one-year period expired nearly four months prior to his motion for relief from judgment, said motion does not serve to revive the limitations period. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Thomas v. Johnson*, No. 99-3628, 2000 WL 553948, at *2 (6th Cir. April 28, 2000); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Rashid v. Khulmann*, 991 F. Supp 254, 259 (S.D. N.Y. 1998); *Whitehead v. Ramirez-Palmer*, No. C 98-3433 VRW PR, 1999 WL 51793 (N.D. Cal. Feb. 2, 1999).

Based on the above facts, the undersigned concludes that Petitioner's habeas corpus action is properly barred by the statute of limitations. However, Petitioner asserts in his motion for summary judgment that he is entitled to equitable tolling of the statute of limitations during the time between the denial of his direct appeal in the Michigan Court of Appeals and the time that he filed his motion for relief from judgment on January 9, 2002. The one-year limitation period applicable to § 2254 is a statute of limitations subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), *cert. denied*, 125 S. Ct. 200 (2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied

- 4 -

"sparingly" by this Court. *See Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-1009. In *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814-15 (2005), the Supreme Court held that a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 1814 (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Plaintiff claims that his appellate attorney failed to inform him of the Michigan Court of Appeals' decision so that he could file a timely appeal or post-conviction motion. Petitioner further claims that from February of 2001 until September of 2001, he was confined by the Kalamazoo Sheriff's Department and did not have access to law books or other materials. However, the undersigned notes that an attorney's mistake which results in missing a filing deadline imposed by the AEDPA is not a basis for equitable tolling. *See Jurado v. Burt,* 337 F.3d 638, 644 (6th Cir. 2003); *Elliot v. DeWitt*, No. 00-3329, 2001 WL 523527, at *1 (6th Cir. May 8, 2001) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)); *Kreutzer v. Bowersox*, 231 F.3d 460 (8th Cir. 2000); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999)). *See also Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). Moreover, failing to monitor the status of an appeal and diligently pursue § 2254 relief does not justify equitable tolling. *Elliot v. Dewitt*, No. 00-3329, 2001 WL 523527, at * 1 (6th Cir. May 8, 2001). Where the petition was not filed until more than seven months had elapsed beyond the one-year period, the petitioner was not diligent in pursuing her rights. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (citing *Cook v. Stegall*, 295 F.3d 517, 518 (6th Cir. 2002) (holding that petitioner was not diligent in filing one month late)).

Nor does the fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period warrant tolling.

*See Brown v. United States*, 2001 WL 1136000, *3 (6th Cir. Sept. 21, 2001) (unpublished case citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999) for proposition that ignorance of the law does not justify tolling); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse [late] filing."), *cert. denied*, 531 U.S. 1164 (2001); *Holloway v. Jones*, 166 F.Supp.2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F.Supp.2d 1246, 1254 (C.D. Cal.1998) (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).

In Petitioner's motion for summary judgment, he claims that he is entitled to equitable tolling because he is actually innocent of the crime for which he was convicted. The Sixth Circuit has held that a habeas petitioner who demonstrates a credible claim of actual innocence based on new evidence may, in exceptional circumstances, be entitled to equitable tolling of habeas limitations. *See Souter v. Jones*, 395 F.3d 577, 597-98 (6th Cir. 2005). Petitioner, however, fails to meet the standard for proving a claim of actual innocence. To support a claim of actual innocence, a petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. *Souter*, 395 F.3d at 590, 598-99; *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Allen*, 366 F.3d at 405. A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. A petitioner "must produce evidence of innocence so strong that the court can not have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless

constitutional error." *Allen*, 366 F.3d at 405 (internal quotations and citations omitted). Petitioner has made no such showing in this case.

Petitioner claims that the prosecutor was vindictive and withheld evidence showing that Petitioner had been assaulted with a baseball bat at the time he allegedly attacked the victim. Petitioner discovered this by requesting hospital records for his appeal in 2003. However, during the preliminary examination, the alleged victim, Colleen O'Neil, testified that she was aware that Petitioner had his back broken during the incident. (Preliminary Exam Tr. (PE) p. 21, docket #15.) In addition, Petitioner states that he was prosecuted for violating a protection order which Ms. O'Neil testified that she did not want. Ms. O'Neil stated during the preliminary examination that she sought a PPO (personal protection order) in order to avoid losing custody of her children after she was told that she was being charged with neglect because of "all the domestic violence." (PE pp. 14-15.) Ms. O'Neil also testified that she moved out of her house because Petitioner had kicked the doors in at her home and that in May of 1999 her neighbors called the police because they heard Petitioner threatening her. (PE pp. 15-16.) Ms. O'Neil stated that Petitioner was screaming and yelling, but that he did not physically attack her at that time. (PE p. 16.)

Ms. O'Neil testified that on June 18, 1999, Petitioner showed up and asked her if they had taken her children away. Petitioner told O'Neil that he did not mean any harm. However, the next day, Petitioner jumped out of the bushes while O'Neil was walking with a male friend and grabbed her by the throat. (PE pp. 17-18.) O'Neil testified that on June 20, 1999, Petitioner telephoned her and stated that her family should be told to "buy black" because he was coming to kill her. (PE p. 10.) Later that day, Petitioner showed up outside a relative's house while she was visiting with her two children. Petitioner was intoxicated and entered the apartment. Jason, the owner of the apartment, jumped up and grabbed a baseball bat, telling Petitioner to get out of his

house.  Petitioner replied that he was not going to leave.  O'Neil stated that Jason then put the bat on the floor and Petitioner shoved Jason and his wife Shelly out of the way, and grabbed O'Neil.  O'Neil denied seeing Jason strike Petitioner.  (PE pp. 19-21.)  Ms. O'Neil testified that Petitioner threw her to the floor by her throat and that she "covered up" to try to protect herself.  O'Neil suffered a gash on her head as a result of this incident, but does not know what she was struck with because she had her face covered.  (PE p. 26.)

On cross-examination, Ms. O'Neil denied lying under oath about Petitioner assaulting her on a prior occasion.  However, Ms. O'Neil conceded that in February of 1998, she made a statement that Petitioner had "pushed" her because she wanted Petitioner's "drunk, intoxicated behind out of her house."  Ms. O'Neil admitted during the preliminary examination that she later recanted that statement.  (PE p. 23.)

During the preliminary examination, Shelly Dobbins, who is married to Ms. O'Neil's nephew, testified that she was present on June 20, 1999, when Petitioner burst into her apartment and attacked Ms. O'Neil.  Dobbins stated that Petitioner broke the sliding screen door to her patio as he entered the home, and that she, her husband, her mother-in-law, her 3-year old daughter, Ms. O'Neil and O'Neil's twin sons were all present.  (PE pp. 27-28.)  Dobbins observed Petitioner grab a black flower vase and charge at Ms. O'Neil, who was seated in the living room.  Dobbins stated that Petitioner and O'Neil ended up on the ground and that Petitioner struck O'Neil in the head with the vase.  Dobbins testified that, following the attack, Ms. O'Neil had a gash in her head.  Dobbins indicated that she made two phone calls to police as soon as Petitioner broke into the house and that she did not see the entire struggle.  Dobbins did not see anyone strike Petitioner with the baseball bat.  (PE pp. 29-33, 35.)  On cross-examination, Dobbins denied that her testimony against Petitioner was motivated by the fact that Petitioner had reported Ms. O'Neil to Protective Services.  (PE p. 34.)

As noted above, Petitioner asserts that he suffered an injury during the alleged incident and that Ms. O'Neil had previously lied about him assaulting her. However, both of these claims were known at the time of the preliminary examination. Petitioner's contention that his habeas claims have merit does not state a claim of actual innocence. Moreover, he has presented no new reliable evidence in support of such a claim. In the opinion of the undersigned, a review of the record reveals ample evidence to support Petitioner's conviction. Therefore, Petitioner has failed to show that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In summary, the undersigned recommends that Respondent's motion for summary judgment (docket #11) be granted, dismissing this action in its entirety, and that Petitioner's motion for summary judgment (docket #27) be denied.

In summary, the undersigned concludes that Petitioner's claims are barred by the applicable statute of limitations and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a

certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001). Consequently, the undersigned has examined each of petitioner's claims under the *Slack* standard.

The undersigned recommends that the court deny Petitioner's application on procedural grounds that it is barred by the statute of limitations. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The undersigned concludes that reasonable jurists could not debate that each of petitioner's claims are properly dismissed on the procedural grounds that it is barred by the statute of limitations. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

       /s/ Timothy P. Greeley
      TIMOTHY P. GREELEY
      UNITED STATES MAGISTRATE JUDGE

Dated:   February 8, 2006

- 11 -